No. 25-20360

IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

---

TYLER HARRINGTON,
Plaintiff – Appellant,

v.

JAMES LANCASTER; NATHANIEL CANO; JARED LINDSAY,
Defendants – Appellees.

---

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Civil Action No. 4:24-cv-366

---

**BRIEF OF APPELLEES
JAMES LANCASTER, NATHANIEL CANO, AND JAREY LINDSAY**

---

SUBMITTED BY:

| OF COUNSEL: | ATTORNEY-IN-CHARGE: |
|---|---|
| CHRISTIAN D. MENEFEE<br>State Bar No. 24088049<br>County Attorney of<br>Harris County, Texas<br>JONATHAN FOMBONNE<br>State Bar No. 24102702<br>First Assistant County Attorney<br>1019 Congress, Floor<br>Houston, Texas 77002 | **GREGORY BURNETT**<br>Assistant County Attorney<br>State Bar No. 24057785<br>Fed. Bar No. 3785139<br>Tel: (713) 274-5224 (direct)<br>gregory.burnett@harriscountytx.gov<br>**Office of The Harris County Attorney**<br>1019 Congress<br>Houston, Texas 77002<br><br>**Attorney For Defendant-Appellees James Lancaster, Nathaniel Cano, and Jarey Lindsay** |

November 20, 2025.

No. 25-20360

IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

---

TYLER HARRINGTON,
Plaintiff – Appellant,

v.

JAMES LANCASTER; NATHANIEL CANO; JARED LINDSAY,
Defendants – Appellees.

---

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Civil Action No. 4:24-cv-366

---

**CERTIFICATE OF INTERESTED PERSONS**

---

The undersigned counsel of record certifies that the following persons and entities, as described in the fourth sentence of Fifth Circuit Rule 28.2.1, have an interest in the outcome of this case. These representations are made so the judges of this Court can evaluate possible disqualification or recusal.

| **Plaintiff-Appellant** | **Counsel** |
|---|---|
| Tyler Harrington | <u>Appellate and Trial Counsel:</u><br>Alessandro Clark-Ansani<br>D.C. Bar No. 90018563<br>alessandro@civilrightscorps.org<br>Jeffrey D. Stein<br>Texas Bar No. 24124197<br>jeff@civilrightscorp.org<br>1601 Connecticut Avenue, N.W.<br>Suite 800<br>Washington, DC 20009<br>Telephone: (202) 844-4975 |
| **Defendants-Appellees** | **Counsel** |
| James Lancaster<br>Nathaniel Cano<br>Jarey Lindsay | <u>Appellate and Trial Counsel:</u><br>Gregory R. Burnett<br>Texas Bar No. 24057785<br>Greg.Burnett@harriscountytx.gov<br>Telephone: (713) 274-5224<br>Rachel Fraser<br>Texas Bar No. 24079725<br>Rachel.Fraser@harriscountytx.gov<br>Telephone: (713) 274-5383<br>1019 Congress<br>Houston, TX 77002 |

*/s/  Gregory R. Burnett*
**GREGORY R. BURNETT**
Assistant County Attorney

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 34(a) and Fifth Circuit Rule 28.2.3, Appellees James Lancaster, Nathaniel Cano, and Jarey Lindsay do not request oral argument. The briefs and the record adequately present the factual and legal arguments raised in this case. Accordingly, Appellees do not believe that oral argument will significantly assist the Court's decisional process.

## TABLE OF CONTENTS

Certificate Of Interested Persons ..................................................................................III

Statement Regarding Oral Argument ............................................................................v

Table Of Contents ........................................................................................................ vi

Table Of Authorities ................................................................................................... vii

Jurisdictional Statement .................................................................................................1

Statement Of The Issues ................................................................................................1

Statement Of The Case ..................................................................................................1

    I.    Relevant Facts As Alleged In The Complaint. ..................................................1

    II.   Procedural History. ............................................................................................5

Summary Of The Argument ..........................................................................................5

Argument .......................................................................................................................6

    I.    The District Court Correctly Dismissed The Unlawful Entry And Search Claim. ..................................................................................................................6

    II.   The Unlawful Seizure Claim Fails As A Matter Of Law. ................................8

    III.  The Excessive Force Claim Was Properly Dismissed. ....................................9

    IV.  Qualified Immunity. ........................................................................................10

Conclusion ...................................................................................................................11

Certificate Of Service ..................................................................................................12

Certificate Of Compliance ...........................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Creighton*,
    483 U.S. 635 (1987) .................................................................................. 10

*Ashcroft v. al-Kidd*,
563 U.S. 731 (2011) ................................................................................... 10

*Brigham City v. Stuart*,
    547 U.S. 398 (2006) .................................................................................... 5

*Flores v. City of Palacios*,
    381 F.3d 391 (5th Cir. 2004) ...................................................................... 9

*Graham v. Connor*,
    490 U.S. 386 (1989) .................................................................................... 9

*Hunt v. Tomplait*,
    301 F. App'x 355 (5th Cir. 2008) ................................................................ 7

*Illinois v. Rodriguez*,
    497 U.S. 177 (1990) .................................................................................... 6

*Malley v. Briggs*,
    475 U.S. 335 (1986) .................................................................................. 10

*Morgan v. Swanson*,
    659 F.3d 359 (5th Cir. 2011) .................................................................... 10

*Morrow v. Meachum*,
    917 F.3d 870 (5th Cir. 2019) .................................................................... 10

*Ontiveros v. City of Rosenberg*,
    564 F.3d 379 (5th Cir.2009) ................................................................... 9

*Rockwell v. Brown*,
    664 F.3d 985 (5th Cir. 2011) ............................................................... 6, 9

*Rogers v. Hooper*,
    271 F. App'x 431 (5th Cir. 2008) ........................................................... 7

*Terry v. Ohio*,
    392 U.S. 1 (1968) .................................................................................... 8

*United States v. Blount*,
    123 F.3d 831 (5th Cir. 1997) ................................................................. 7

*United States v. Gould*,
    364 F.3d 578 (5th Cir. 2004) ................................................................. 5

*United States v. Watson*,
    273 F.3d 599 (5th Cir. 2001) ............................................................. 5, 8

**Statutes**

28 U.S.C. § 1291 ............................................................................................ 1

**Rules**

Fed. R. App. P. 32(a)(5) ............................................................................... 12
Fed. R. App. P. 32(a)(6) ............................................................................... 12
Fed. R. App. P. 32(a)(7)(B) .......................................................................... 12
Fed. R. App. P. 32(f) .................................................................................... 12
Fed. R. App. P. 34(a) ..................................................................................... 5
Fifth Circuit Rule 32.2 ................................................................................. 12

# JURISDICTIONAL STATEMENT

This court has jurisdiction under 28 U.S.C. § 1291 over appeals from a District Court's final judgment. The District Court entered a final judgment on July 31, 2024. ROA.192-193. Appellant filed a notice of appeal on August 22, 2025. ROA.217-218.

# STATEMENT OF THE ISSUES

Appellees James Lancaster, Jared Lindsay, and Nathaniel Cano disagree with the Appellant's statement of the issues and respectfully suggest that the more accurate statement of the issues for review are:

1. Whether the complaint pleads facts that, if true, would permit the inference that Defendants James Lancaster, Jared Lindsay, and Nathaniel Cano are liable under § 1983 for unlawful entry, unlawful search, unlawful seizure, and excessive force?

2. Whether the complaint pleads facts that, if true, would overcome Defendants James Lancaster, Jared Lindsay, and Nathaniel Cano qualified immunity defense?

# STATEMENT OF THE CASE

**I.  Relevant Facts as Alleged in the Complaint.**

On September 24, 2022, around 11:48 p.m., a woman ("Mrs. H") residing at 9819 Sagemark Drive, Houston, TX called law enforcement to report that she heard

1

knocking on her back door while she was home alone. ROA.10. Located across the street at 9818 Sagemark Drive is the Plaintiff, Mr. Harrington's home. ROA.11. Next door to Mrs. H's residence is the home of the S family located at 9823 Sagemark Drive. ROA.11.

Shortly after Mrs. H placed the 911 call, Harris County Constable Office Precinct 2 Deputy Defendant James Lancaster was dispatched to a call for service at 9819 Sagemark Drive. ROA.11. Defendant Lancaster met with Mrs. H and inspected the front and back of the house. ROA.11-12. Deputy Lancaster did not locate the suspicious person. ROA.12. Deputy Lancaster then cleared the call and left the location of 9819 Sagemark Drive. ROA.12. At some point after Defendant Lancaster left, Mrs. H's daughter and her boyfriend arrived at Mrs. H residence. ROA.12. Mr. H observed the truck remotely through a security camera. ROA.12. Mr. S., who resides at 9823 Sagemark Drive, also observed the truck remotely on camera. ROA.12. Mr. S called 911 and reported the truck. ROA.12. When dispatch asked for the address of the H's residence, Mr. S. stated, "I think it's 1918 Sagemark." ROA.12. 1918 Sagemark is the Plaintiff, Mr. Harrington's residence. ROA.12. While on the phone with Mr. S., dispatch also received a call from Mr. H. ROA.13. Mr. H informed dispatch that he was the resident of 9819 Sagemark. ROA.13. Mr. H informed dispatch that there were people at his house and asked dispatch to send someone to the H residence. ROA.13. Dispatch sent officers to 9818 Sagemark

2

which was Mr. Harrington's address. ROA.13. Deputy Defendant Lindsay and Deputy Defendant Cano arrived at 9818 Sagemark Drive. Mr. H informed dispatch that his wife had left because she was scared. ROA.13. Dispatch offered Mr. H to have the officers "clear the house". ROA.13. Mr. H. asked that the police wait in front of his house until his wife returned. ROA.13. When dispatch said she couldn't guarantee the officers would wait, Mr. H responded "Okay, I'll let them come and clear the house, let me call her and tell her to meet them at home." ROA.13. Dispatch contacted an officer and informed him that the "homeowner is going to send his wife back to the house and that they would like the officer to clear the house for them." ROA.13. Around 12:37 a.m. Deputy Lancaster arrived at 9818 Sagemark Drive. ROA.14. Defendant Lancaster pointed at the H residence across the street and stated to Defendants Lindsay and Cano "that's the house with the person knocking on the back door, that was the house earlier… I checked the one across the street." ROA.14. Defendant Lancaster informed Defendant Lindsay and Defendant Cano he had never been to this house, in reference to Mr. Harrington's residence. ROA.14. The Defendants searched the back and front yards of the Harrington's home. ROA.14. Defendants discovered the front and back doors to the Harrington residence were unlocked. ROA.14. Approximately one minute later, dispatch informed the Defendants that there shouldn't be anyone in the house. ROA.15. Defendant Linsday informed dispatch they would search the home. ROA.15. Defendant Lancaster went

to the back door while Defendants Lindsay and Cano stayed at the front door. ROA.15. Defendants then drew their guns, opened the front door, and stepped into the house. ROA.15. Deputy Lindsay shouted "constable's office, come up with your hands out!" ROA.16. Defendants Lindsay and Cano walked further into the house with weapon-mounted lights, searching throughout. ROA.16. Defendant Lindsay opened a closed bedroom door. He pointed his weapon-mounted light inside. As the beam of his light and barrel of his gun swept over the bed, he saw Mr. Harrington and his wife asleep in the bed. ROA.16. The Defendants withdrew to the entrance of the house and shouted "constable's office, come out with your hands up!" ROA.16. Plaintiff Tyler Harrington and his wife eventually woke up and came to the front entrance of the house where the Defendants had their guns drawn. ROA.16. The Defendants questioned the Harringtons to get their identities and to determine whether they lived at the home. ROA.17. Defendant Lindsay again asked Mr. Harrington if he lived at the house, to which he responded he did. ROA.18. Deputy Lindsay contacted dispatch to confirm the address of the house they were supposed to be searching. ROA.18. Dispatch asked Mr. H if his address was "9818" and Mr. H responded "Yes, 9818". ROA.18. Defendant Lindsay once again asked dispatch for the address. Dispatch told him 9818 Sagemark, which is Mr. Harrington's address. Defendant Lindsay responded saying "I have people inside the house, they have identification that they live here. You might want to call the caller back and get

them to give you the correct address again." ROA.18. Hearing this interaction between Defendant Lindsay and dispatch. Mr. H frantically told dispatch, "Ma-am, it's 9819!" Dispatch then provided the correct address, 9819 Sagemark Drive. ROA.18.

## II. Procedural History.

Appellant Harrington correctly sets out the procedural history, and it will not be repeated here. Appellant's brief, at pages 10-11.

## SUMMARY OF THE ARGUMENT

The district court's dismissal should be affirmed. The Complaint does not plausibly allege any constitutional violation, and even if it did, no clearly established precedent prohibits Appellees James Lancaster, Nathaniel Cano, and Jarey Lindsay's actions. The Appellees responded to multiple 911 calls reporting suspicious activity, received conflicting address information, and were told though dispatch that the homeowners desired a safety sweep of their house.

Reports of unknown individuals around a residence at night, an unlocked door, and potential danger justified a protective sweep under *Brigham City v. Stuart*, 547 U.S. 398 (2006), and *United States v. Gould*, 364 F.3d 578 (5th Cir. 2004). Temporary commands during a protective sweep do not constitute an unreasonable seizure. See *United States v. Watson*, 273 F.3d 599 (5th Cir. 2001).

5

Finally, pointing a firearm during a potential home intrusion is not excessive force as a matter of law. See *Rockwell v. Brown*, 664 F.3d 985 (5th Cir. 2011). Pointing firearms during a mistaken-entry encounter does not constitute excessive force under clearly established law. Firearm display is permissible during potential intruder situations, and the Appellees lowered their weapons promptly once they realized the error. There is no evidence of prolonged threat, physical injury, or unreasonable escalation. Plaintiff thus fails both prongs of the *Graham* analysis, and certainly cannot defeat qualified immunity. Because no precedent clearly establishes that Appellees' conduct was unconstitutional, qualified immunity mandates dismissal.

## ARGUMENT

The district court correctly granted the Defendants-Appellees' motion to dismiss. ROA.118-123, 192-193.

### I. The District Court Correctly Dismissed the Unlawful Entry and Search Claim.

The unlawful-entry claim fails at the threshold. Under *Illinois v. Rodriguez*, 497 U.S. 177 (1990), officers may rely on consent that appears valid under the circumstances. The Complaint itself acknowledges that dispatch relayed information that the homeowner wanted the residence cleared. ROA.12, 108, 179. Appellees also encountered an unlocked door and conflicting 911 information—facts that

objectively support reasonable reliance on perceived consent. ROA.8, 12-14, 18-19, 179.

Even assuming consent was unclear, exigent circumstances justified the entry. The Fifth Circuit recognizes that officers may enter a dwelling without a warrant to prevent imminent harm or secure a potentially burglarized home. *See United States v. Blount,* 123 F.3d 831, 837 (5th Cir. 1997). Defendants tried opening the back door of the Harrington residence. It was unlocked. ROA.14. Defendants tried opening the front door of Harrington's residence. It was unlocked. ROA.14. Dispatch informed the Appellees that there shouldn't be anyone in the house. ROA.15. Based on the totality of the circumstances, it was reasonable for the Appellees to believe that a burglary may have been taking place. Therefore, the exigent circumstances justified the Appellees entry into the residence.

Although warrantless searches of a person's home are "presumptively unreasonable," "law enforcement officers are generally granted qualified immunity if the evidence is undisputed that they merely made an honest mistake when entering the incorrect home." *Hunt v. Tomplait*, 301 F. App'x 355, 359 (5th Cir. 2008). In a situation where officers entered the wrong residence, the facts must be "consistent with a reasonable effort to ascertain and identify the place intended to be searched." *Rogers v. Hooper,* 271 F. App'x 431, 435 (5th Cir. 2008).

Nothing in the record shows intentional misconduct, disregard for the homeowner's instructions, or any indication the Appellees knew or should have known they were entering the wrong house. Mr. Harrington cites no precedent holding that Officers violate clearly established law by mistakenly entering the wrong residence after being expressly authorized to enter by what they reasonably believed to be the homeowner. The District Court was correct to dismiss these claims.

## II. The Unlawful Seizure Claim Fails as a Matter of Law.

Appellant Harrington's allegation that officers told him to keep his hands visible is insufficient to plead an unconstitutional seizure. ROA.79, 146. *Terry v. Ohio*, 392 U.S. 1 (1968), authorizes officers to take reasonable safety measures when confronting uncertain situations. The Fifth Circuit affirmed such authority in *United States v. Watson*, 273 F.3d 599 (5th Cir. 2001), holding that officers may briefly detain individuals encountered during a protective sweep.

Appellees encountered Mr. Harrington, an unidentified individual during a potential home intrusion. The commands issued were limited, non-violent, and aimed solely at securing safety until identity could be confirmed. ROA.12-13. The Appellees immediately de-escalated once they confirmed identity. The District Court was correct to dismiss this claim.

**III.   The Excessive Force Claim was Properly Dismissed.**

*Flores v. City of Palacios*, 381 F.3d 391 (5th Cir. 2004), requires a plaintiff to plead a physical injury to sustain a Fourth Amendment excessive-force claim. Plaintiff alleges no such injury.

Even if injury were not required, the force alleged—officers pointing firearms during a potential home-intrusion investigation—is objectively reasonable as a matter of law. *Rockwell v. Brown*, 664 F.3d 985 (5th Cir. 2011), held that pointing guns at a suspect is permissible when officers reasonably believe danger exists. *Graham v. Connor*, 490 U.S. 386 (1989), further requires courts to judge reasonableness from the perspective of a reasonable officer on the scene. Under this standard, Plaintiff's allegations fall well short of excessive force.

To overcome the officers' claim of qualified immunity on his claim of excessive force, Harrington must show "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir.2009).

The *Graham* factors support the Appellees' actions based on the following: (1) The Officers were responding to a possible home invasion-an inherently high-risk scenario; (2) unknown individuals inside a residence during a suspected intrusion create a serious potential threat; (3) no resistance occurred, and Appellees

9

immediately holstered weapons upon realizing the mistake; and (4) pointing a weapon during a suspected intruder call falls squarely within accepted officer safety protocols. The brief display of the firearms under these circumstances would be reasonable.

## IV. Qualified Immunity.

"The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). Qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). A court should not deny immunity unless "existing precedent ... placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). A plaintiff seeking to overcome qualified immunity must show: (1) "the official violated a statutory or constitutional right"; and (2) "that right was 'clearly established' at the time of the challenged conduct." *Id*. at 735.

Under *Anderson v. Creighton*, 483 U.S. 635 (1987), a right is clearly established only if its contours are so well defined that every reasonable officer would understand the conduct to be unlawful. *Morrow v. Meachum*, 917 F.3d 870 (5th Cir. 2019), requires plaintiffs to identify precedent involving materially similar facts. Mr. Harrington cites no authority holding that officers may not: (1) rely on

10

dispatch-relayed consent; (2) conduct a protective sweep under conflicting information; or (3) point firearms during a potential intrusion. For the reasons stated herein, Appellees are entitled to qualified immunity. The District Court was correct to grant qualified immunity for the Appellees.

## CONCLUSION

For the foregoing reasons, the district court's judgment should be affirmed in full as to all Appellees.

<i>/s/ Gregory Burnett</i><br>
<b>GREGORY BURNETT</b>

# CERTIFICATE OF SERVICE

I certify that on November 20, 2025, I filed a true and correct copy of the foregoing brief via the Court's CM/ECF system, which will automatically serve a copy on all parties' counsel.

<u>Appellant-Plaintiff's Counsel</u>
Alessandro Clark-Ansani
D.C. Bar No. 90018563
alessandro@civilrightscorps.org
Jeffrey D. Stein
Texas Bar No. 24124197
jeff@civilrightscorp.org
1601 Connecticut Avenue, N.W. Suite 800
Washington, DC 20009

<u>/s/  Gregory Burnett</u>
**GREGORY BURNETT**
Assistant County Attorney

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limit of Fifth Circuit Rule 32.2 and Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 2234 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, in Times New Roman 14-point typeface, except for footnotes, which are in Times New Roman 12-point typeface. Case names are italicized or underlined.

<u>/s/  Gregory Burnett</u>
**GREGORY BURNETT**
Assistant County Attorney